Richard **BARNETT** and Eddie Read, Plaintiffs–Appellees, Cross–Appellants,

and

Ed H. Smith, John O. Steele, Dorothy Tillman, et al., Plaintiffs–Appellees, Cross–Appellants,

v.

**CITY OF CHICAGO** and Chicago Board of Election Commissioners, Defendants–Appellants, Cross–Appellees,

and

Carole Bialczak, Theodore Mazola and Jesse D. Granato, Defendant–Intervenors, Appellants, Cross–Appellees.

Nos. 00–2129, 00–2128, 00–2228.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2000.

Decided Feb. 16, 2001.

Before POSNER, RIPPLE, and KANNE, Circuit Judges.

## ORDER

These are appeals and cross-appeals from an order by the district court awarding the plaintiffs in a redistricting case more than $5 million in attorneys' fees, plus costs, plus interest on the fees and the costs. The principal earlier opinions dealing with the merits are *Barnett v. Daley,* 32 F.3d 1196 (7th Cir.1994); *Barnett v. City of Chicago,* 141 F.3d 699 (7th Cir. 1998), and *Barnett v. City of Chicago,* 17 F.Supp.2d 753 (N.D.Ill.1998), and the reader's familiarity with them is assumed. Commenced in 1992, the suit attacked, under the equal protection clause and the Voting Rights Act, Chicago's 1992 ward map, on the ground that the map discriminated against blacks. The plaintiffs asked the district court to redraw the ward map so that it would include additional black-majority wards. In the end, only one such additional ward was created.

The City argues that there should be no award of fees and costs at all, because the plaintiffs obtained only nominal relief. But this is plainly wrong. They proved discrimination and obtained relief in the form of the additional black-majority ward. That was substantial relief though less than they sought.

Were the fees awarded disproportionate to that relief? We think not: more precisely, that the district judge did not abuse her discretion in concluding that they were not disproportionate. The plaintiff's lawyers expended almost 20,000 hours on the litigation, in part because of the pertinacious defense by the City (which expended more than twice the number of hours) which required two trips to this court and stretched out the litigation by years. Although 20,000 seems a large number, divided by six years it is the equivalent of only about one full-time lawyer per year.

The cross-appeal challenges, first, the district judge's refusal to give the plaintiffs' lawyers a 15 percent bonus because of the difficulty of successfully prosecuting a Voting Rights Act case. The difficulties to which the plaintiffs refer are the common risks of litigation, though there is undoubted irony to the City's con-

tention that this was an "easy" case for the plaintiffs–if so, we find it hard to understand the stubbornness of the City's defense. Second, the plaintiffs complain about the district judge's having reduced the hourly rate of one lawyer and the hours claimed by him and another lawyer. Suffice it to say that the district judge presented persuasive reasons for believing that the contribution of these lawyers to the case was small, consisting mainly of unnecessary reviews of work done by other lawyers. The two lawyers in question were, essentially, free riders on the efforts by others.

For a more complete discussion of the issues, we refer the reader to the careful opinions of the district judge.

AFFIRMED.